Patrick J. Reilly, Esq.
Nevada Bar No. 6103
Susan M. Schwartz, Esq.
Nevada Bar No. 14270
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 222-2542
Fax: (702) 669-4650
Email:  preilly@hollandhart.com
        smschwartz@hollandhart.com

Tuan Van Uong, Esq.
CA Bar No. 272447
Reed Smith, LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Phone: (213) 457-8152
Fax: (213) 457-8080
Email: tuong@reedsmith.com
*Admitted Pro Hac Vice*

*Attorneys for Credit One Bank, N.A.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JEWELL BATES BROWN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT ONE BANK, N.A.,<br><br>Defendant. | Case No.: 2:17-cv-00786-JAD-VCF<br><br>**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |

## **STIPULATED PROTECTIVE ORDER**

Plaintiff Jewel Brown-Bates ("**Plaintiff**") and Defendant Credit One Bank, N.A. ("**Defendant**," together with Plaintiff, the "**Parties**"), through their respective attorneys of record, agree and stipulate as follows:

/ / /

1. **Terms**: The terms defined in this Paragraph shall have the meanings provided. Defined terms may be used in the singular or plural.

    1.1 "**Producing Party**" means the party, or person other than a party, being asked to produce documents or information considered by that party or person to be Confidential Information, or a party asserting a confidentiality interest in information produced by others.

    1.2 "**Receiving Party**" means that party receiving or requesting production of Confidential Information.

    1.3 "**Confidential Information**" means information, whether or not embodied in any physical medium, including all originals and copies of any document and/or information, used by the Producing Party in or pertaining to its business, or information pertaining to third-party privacy interests, which information the Producing Party believes in good faith to be protected from disclosure under applicable law as (i) private information, (ii) trade secrets, (iii) non-public competitive financial or business planning information that the Producing Party is prohibited by law or contract from revealing to third parties except in confidence, or has undertaken by contract with others to maintain its confidence. Nothing herein is intended to confer confidential or protected status on information that is not otherwise protected under Nevada or federal law or which has been publicly disseminated.

    1.4 "**Litigation Documents**" means all pleadings, motions, affidavits, declarations, and related papers, all documents produced or exchanged in the course of this matter or any settlement

negotiations, all written discovery responses and all transcripts and testimony given at any proceedings or hearings of any kind.

1.5 "**Action**" specifically refers to the proceedings or settlement in the above-captioned action.

1.6 "**Termination**" means the settlement of this Action, dismissal of this Action, entry of final judgment and expiration of all periods to appeal or seek arbitral or judicial review of this Action.

1.7 "**Order**" refers to this Stipulated Protective Order and Confidentiality Agreement and [Proposed] Order.

2. **Use Of Confidential Information**.

2.1 All documents and information designated in good faith by a party to the Action as Confidential Information shall be used solely for the purposes of this Action and shall not be used for any other purpose, including, without limitation, any media communications, public relations matter, business or commercial purpose, product development, intellectual property development, or in any other legal proceeding, action or matter and shall not, directly or indirectly, in whole or in part, be revealed or disclosed, or made available for inspection or copying to persons other than "qualified persons" as defined in paragraphs 2.2. Notwithstanding the above, a party to the litigation may use their own Confidential Information as they see fit unless doing so would disclose another party's Confidential Information and that other party does not consent in writing to that use.

2.2 "**Qualified Person**" for Confidential Information means:

(a) Counsel of record in this Action and such partners, associate attorneys, paralegal, legal assistants, and stenographic

or clerical employees of such counsel as have been assigned to assist counsel in the prosecution, defense or settlement of such actions;

(b) Persons designated as witnesses to the extent reasonably necessary for such persons to prepare for and to testify;

(c) Any expert or consultant, including any employees thereof, used or retained by counsel or a party as an expert or consultant, to the extent deemed necessary by counsel to aid in the prosecution, defense or settlement of this Action, provided that each such expert has read this Order in advance of disclosure and undertakes in writing to be bound by its terms. A copy of such writing shall be furnished to the producing party on reasonable request as set forth in Paragraph 2.3, except consulting experts shall not be disclosed except upon order by the Court;

(d) The Court having jurisdiction over this Action;

(e) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(f) Any court reporter or typist recording or transcribing testimony in this Action and any outside independent reproduction firm;

(g) Any person who was the author, recipient or copy recipient of a document;

(h) Any person whom the parties have agreed to use as a mediator in this Action;

(i) Parties to this action;

(j) Law enforcement official requesting such documents or information pursuant to official investigation in this Action; and

(k) Investigators retained to assist in this Action.

In the event that any of the foregoing persons ceases to be engaged in the participation in this Action, access by such person(s) to material designated as Confidential Information shall be terminated. Any such material in the possession of any such person(s) shall be returned or destroyed. The provisions of this Order shall remain in full force and effect as to all such person(s) as to all such material and the obligations not to disclose any portions of such material, except as may be specifically ordered by the Court.

2.3 No person receiving material or a transcript designated as Confidential Information shall disclose it or its contents to any person other than those described in Paragraph 2.2. No such disclosure shall be made for any purposes other than those specified in Paragraphs 2.1. Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Order from all persons not specified in Paragraph 2.2, to whom any material or transcript so designated is disclosed. Such written agreement shall be obtained by securing the signature of any recipient of such discovery material or transcript on a copy of Attachment "A" to this Order after having such recipient read it and having explained its contents to such recipient. Counsel shall be responsible for maintaining a list of all persons to whom any material or transcript so designated is disclosed. In the event that a person to whom counsel seeks to disclose Confidential Information refuses to agree to be bound by this protective order,

counsel shall notify counsel for the Producing Party and attempt to informally resolve the issue. Should counsel fail to reach an informal resolution, then the party seeking disclosure of the Confidential Information may seek relief from the Court.

3. **Designation of Confidential Information**.

   3.1 **Documents**. Any Producing Party may, in good faith and with reasonable diligence, designate Confidential Information contained in a document or thing specifically by marking the document or thing as "CONFIDENTIAL." Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Producing Party to sanctions.

4. **Mistake or Inadvertence**.

   4.1 Notwithstanding the procedure set forth in paragraph 3, above, documents or other discovery materials produced and not

designated as CONFIDENTIAL through mistake or inadvertence may be designated as Confidential Information upon notice of such mistake or inadvertence, with the Receiving Party reserving the right to assert, depending on the circumstances, that such later designation is improper.

    4.2    If a Producing Party inadvertently produces information that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that information will not be presumed to constitute a waiver of any applicable privileges or other protections. In these circumstances, the Producing Party must immediately notify the Receiving Party in writing of the inadvertent production and the basis for the privilege or other protection from production, and request in writing the return or confirmed destruction of the privileged or protected information. Within five (5) days of receiving such notification, and in compliance with the Receiving Party's ethical obligations under the law, the Receiving Party must return or confirm destruction of all such materials, including copies and/or summaries thereof.

    5.    **<u>Challenge of Designation</u>**. The Receiving Party shall not be obligated to challenge the propriety of the Confidential Information designation at the time made or upon a submission to the Court. In the event a party disagrees at any stage of these proceedings with the Producing Party's designation of Confidential Information, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the Parties cannot resolve a challenge without the Court's intervention, the Designating Party will submit a motion to the Court within 21 days of the initial notice of challenge, or within 14 days of the parties agreeing that the

STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

meet and confer process will not resolve their dispute. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court makes a final determination on the challenge.

6. **Continuing Duties Under Order**. The provisions of this Order shall not end at the termination of this Action. This Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court for the purposes of enforcement of the confidentiality terms of this Order. Within 120 days after termination of this Action, upon written request from the Producing Party all Confidential Information and all copies of same (other than Litigation Documents and attorney work product containing references to such information) shall be returned to the Producing Party or made available for pick-up at its cost, or alternatively destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Producing Party not more than 45 days after receiving the written notice required under this Paragraph.

7. **Modification Permitted**. Nothing in this Order shall prevent a party from seeking modification of this Order.

8. **Responsibility of Attorneys**. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of Confidential Documents. Parties shall not duplicate any Confidential Document except working copies and for filing in court under seal. All copies made of Confidential Documents shall bear the appropriate confidential designation.

9. **No Waiver**.

    9.1 Review of the Confidential Information by counsel, experts, or consultants for the litigants in the Action shall not waive the confidentiality of the documents or objections to production or from otherwise objecting to discovery that it believes to be improper.

    9.2 The inadvertent, unintentional, or *in camera* disclosure of Confidential Documents and information shall not be deemed a waiver in whole or in part, of any party's claims of confidentiality.

    9.3 The Parties acknowledge that a separate order will be required pertaining to the treatment and handling of Confidential Information at trial and agree to stipulate to a separate order pertaining to the treatment and handling of Confidential Information at trial .

10. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged confidentiality, relevancy, admissibility, or discoverability of the Confidential Documents and information sought.

/ / /

/ / /

/ / /

11. The terms of this Order shall survive and remain in effect after the termination of this Action.

**IT IS SO STIPULATED**.

| DATED: September 8, 2017 | DATED: September 8, 2017 |
|---|---|
| By /s/ Patrick J. Reilly | By /s/ Ann Marie Hansen |
| Patrick J. Reilly, Esq.<br>Susan M. Schwartz, Esq.<br>Holland & Hart LLP<br>9555 Hillwood Drive, 2nd Floor<br>Las Vegas, NV 89134 | Mark Ankcorn, Esq.<br>*Admitted Pro Hac Vice*<br>Ann Marie Hansen, Esq.<br>Ankcorn Law Firm, PC<br>1060 Woodcock Road, Suite 128<br>Orlando, FL 32803 |
| Tuan V. Uong, Esq.<br>Reed Smith, LLP<br>355 South Grand Avenue, Suite 2900<br>Los Angeles, CA 90071<br>*Admitted Pro Hac Vice*<br><br>*Attorneys for Respondent*<br>*Credit One Bank, N.A.* | Michael Kind, Esq.<br>Kazerouni Law Group, APC<br>6069 South Fort Apache Road<br>Suite 100<br>Las Vegas, Nevada 89148<br><br>*Attorneys for Claimant*<br>*Jewell Bates Brown* |

**ORDER**

**IT IS SO ORDERED.**

_____
United States Magistrate Judge
Dated: September 12, 2017

/ / /

/ / /

/ / /

– 9 –
STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

1 | *Submitted by:*
2 | /s/ Patrick J. Reilly
3 | Patrick J. Reilly, Esq.
4 | Susan M. Schwartz, Esq.
  | Holland & Hart LLP
5 | 9555 Hillwood Drive, 2nd Floor
  | Las Vegas, NV 89134

6 | Tuan V. Uong, Esq.
7 | Reed Smith, LLP
  | 355 South Grand Avenue, Suite 2900
8 | Los Angeles, CA 90071
  | *Admitted Pro Hac Vice*

9 | *Attorneys for Respondent*
  | *Credit One Bank, N.A.*

STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

# ATTACHMENT A

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

I, _____ [Name – Print or Type], have been given and read a copy of the Protective Order, dated _____, 2017 in the matter of *Jewel Brown-Bates v. Credit One Bank, N.A.*, United States District Court, District of Nevada, Case No. 2:17-cv-00786-JAD-VCF. I understand and will strictly adhere to the contents of said order. I understand that produced material disclosed to me is subject to the order of the Court and that I am prohibited from copying, disclosing or otherwise using such material except as provided by said order. I understand that unauthorized disclosure of the stamped confidential documents may constitute contempt of court and agree to be subject to personal jurisdiction of the Court in this matter for the purpose of enforcing my obligations under this agreement, the order, and any contempt proceeding that may be instituted for alleged violation thereto. I understand also that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by said order, is a prerequisite to my review of any produced document and materials.

_____
[Name]